[No. 23570. Department One. April 4, 1932.]

BERT DAVIS, *Appellant,* v. JOSEPH BERBELLS *et al.,* *Respondents.*[1]

*Welsh & Welsh,* for appellant.

*Gus L. Thacker* and *John I. O'Phelan,* for respondents.

MITCHELL, J.—Joseph Berbells and wife, the owners of lot 7, block 3, Plat of Raymond, Washington, by a written lease, demised the property to Bert Davis for one year from February 16, 1928, at sixty-five dollars per month, payable monthly in advance. Possession of the property was delivered to Davis, who, with his family, used the upper story of a building on the lot for residence purposes, and permitted another person to occupy the lower portion of the building for restaurant

[1]Reported in 9 P. (2d) 787.

purposes without the written consent of the lessors, the latter being contrary to the terms of the lease.

November 5, 1928, the lessors sued Davis and wife to recover $390 alleged to be due on the rent by the terms of the lease, and at the time of the commencement of the action, sued out a writ of attachment, which was levied by the sheriff on certain chattels belonging to Davis and wife, situate in the building.

The defendants in that case answered, admitting that they owed a specified part, only, of the indebtedness complained of, and affirmatively alleged that they had repaired the building at a cost of $107.11, at the instance of the lessors, in which sum they claimed a credit. This affirmative matter in the answer was denied by a reply on the part of the lessors.

In the trial of that case, the court found that, at the commencement of the action, rent had become due in the sum of $585 altogether, on which Davis had paid $325 in cash and was entitled to a credit of $79.25 for costs incurred by him in repairing the building, leaving $180.75 balance due the lessors, plaintiffs in the case, and further found that

" . . . *after the commencement of this action,* but before the issue was joined, the defendants tendered to plaintiffs in payment of rent, interest and costs to date of tender, the sum of $237, which tender was refused by plaintiffs, and at the time of filing their answer, the defendants paid the sum into court and the same is now held by said clerk."

Upon the findings, appropriate conclusions and judgment were entered in the case on February 19, 1929, from which neither party appealed.

Thereafter, the present action was commenced by Bert Davis against Berbells and wife and the sheriff, complaining that Berbells and wife willfully and maliciously commenced the action of November 5, 1928;

and at that time filed a bond and affidavit with the clerk of the superior court and caused a writ of attachment to issue and be delivered to the sheriff, who levied the writ on personal property belonging to the plaintiff and retained possession of it, to plaintiff's damage in the sum of $2,000, the alleged value of the property attached; and as a second cause of action, the plaintiff was damaged in the sum of $170.80, as the reasonable rental value of the lower floor of the building taken possession of by the sheriff in making the levy under the writ of attachment.

The defendants by their answer denied generally the allegations of the complaint, and affirmatively set up the findings of fact in the action of November 5, 1928, by Berbells against Davis, together with the conclusions and judgment on those findings.

Upon the trial of this case without a jury, findings, conclusions and judgment were entered that plaintiff take nothing by his suit. He has appealed.

The findings of fact, in addition to those of a formal, uncontroverted character, are to the effect that the writ of attachment complained of was regularly and lawfully issued, and regularly and lawfully served and executed by the sheriff; that Berbells and wife acted without malicious intent in suing out the writ, and that the sheriff rightfully executed it; that Davis suffered no injury or damage by reason of the attachment; and is not entitled to recover in this action. The evidence sustains the findings by a clear preponderance.

The suit in which the attachment issued was on an express contract, but the amount in that respect was in dispute between the parties, and remained unsettled until the final judgment was entered; also, the amount claimed by the tenant, the defendant in that action, for repairs to the building was in dispute until

the final judgment, at which time it was settled by the court in an amount substantially less than was claimed.

■ A right of action in favor of a debtor whose property has been attached must arise from a wrongful suing out of the attachment, and that there was no reasonable cause to believe the ground upon which the attachment issued to be true. *McGill v. Fuller & Co.,* 45 Wash. 615, 88 Pac. 1038. When the Berbells sued out the attachment, the debtor owed them, although the amount of such indebtedness was in dispute. There is nothing wrong in the employment of a statutory remedy, ancillary or otherwise, for the collection of a debt, more especially so, if possible, when the cause or ground upon which such action is taken, if attachment, is shown and supported by an affidavit to the effect that the writ of attachment is sued out under Rem. 1927 Sup., § 648, which reads:

"The writ of attachment shall be issued by the clerk of the court in which the action is pending; but before such writ of attachment shall issue, the plaintiff, or someone in his behalf, shall make and file with such clerk an affidavit showing that the defendant is indebted to the plaintiff (specifying the amount of such indebtedness over and above all just credits and offsets), and that the attachment is not sought and the action is not prosecuted to hinder, delay, or defraud any creditor of the defendant, and either, . . .

"(10) That the object for which the action is brought is to recover on a contract, express or implied."

The affidavit upon which the attachment issued was in full compliance with the terms of the statute; and the court found that, at the time the action was commenced and the attachment sued out, the defendant in the action, whose property was attached, was actually indebted to the plaintiff at that time. The stat-

ute and affidavit are plain. Clearly, the attachment was not wrongfully sued out, nor was there lack of convincing proof of reasonable cause to believe in the truth of the ground upon which the writ of attachment issued. The appellant did not establish either of his alleged causes of action.

Affirmed.

TOLMAN, C. J., PARKER, BEELER, and HERMAN, JJ., concur.