[No. 31711. Department One. December 13, 1951.]

WILLIAM LOYD BROWN et al., *Appellants*, v. PEOPLES NATIONAL BANK OF WASHINGTON IN SEATTLE et al., *Respondents.*[1]

[1]Reported in 238 P. (2d) 1191.

*Sam R. Sumner, Sam R. Sumner, Jr.,* and *James M. Ballard,* for appellants.

*Taylor & Revelle,* for respondents.

FINLEY, J.—This is an action for damages for wrongful attachment under Rem. Rev. Stat., § 654 [P.P.C. § 11-15]. The trial court sustained a demurrer to the complaint. The action was dismissed. Plaintiffs elected not to plead further, and have appealed.

Obviously, the question involved is whether the complaint states a cause of action for wrongful attachment under the aforementioned statute. It is our opinion that it does not.

On September 17, 1947, the Peoples National Bank of Washington, one of the respondents, sued the Browns, appellants. The bank was seeking to recover on a conditional sale contract. Ancillary to the complaint, the bank caused writs of attachment and garnishment to be issued, which reached and tied up certain funds and assets of the Browns. Apparently in an effort to comply with Rem. Rev. Stat., § 648 [P.P.C. § 11-3], the affidavit for attachment sets forth two grounds as the reasons for its issuance:

First, ". . . That the defendant has assigned, secreted, or disposed of, or is about to assign, secrete, or dispose of, any of his property, with intent to delay or defraud his creditors. . . ."

Second, "That the object for which the action is brought is to recover on a contract, express or implied."

Subsequently, the parties stipulated that a special fund be set aside in the Wenatchee Branch of the Seattle-First National Bank and earmarked as security for payment of any judgment recovered by the Peoples National Bank in its lawsuit against the Browns. Based upon the stipulation, a court order was entered discharging the ancillary writs and releasing the Browns' assets tied up by the writs, except the special fund aforementioned. The lawsuit finally resulted in a judgment in favor of the bank. The Browns, appellants herein, appealed, but the trial court was affirmed. The judgment was satisfied out of the special fund.

Thereafter, the Browns initiated this action against the Peoples National Bank of Washington, hereinafter called the bank, and the United Pacific Insurance Company, hereinafter called the surety. Damages were claimed in the sum of fifty thousand dollars, plus five thousand dollars as a reasonable attorney's fee, based upon Rem. Rev. Stat., § 654, which reads as follows:

"In an action on such bond, the plaintiff therein may recover, if he shows that the attachment was wrongfully sued out, and that there was no reasonable cause to believe the ground upon which the same was issued to be true, the actual damages sustained and reasonable attorney's fees to be fixed by the court; and if it be shown that such attachment was sued out maliciously, he may recover exemplary damages, nor need he wait until the principal suit is determined before suing on the bond."

The Browns object to the statement made by the bank in its affidavit for attachment, to the effect that the intention and conduct of appellants would indicate that they were about to assign, secrete and dispose of their property to avoid payment of the bank's claims. It is contended that such statement is false and constitutes a reckless abuse of legal process on the part of the bank. The Browns further assert in their complaint, that recovery on the attachment bond is sought "because the attachment was sued out wrongfully, oppressively and maliciously and there was no reasonable cause that would justify the defendant bank in believ-

ing the grounds upon which the affidavit upon which the issuance of the attachment was based was true, all in accordance with § 654 of Remington's Revised Statutes above referred to." Respondents strongly rely upon *Gutter v. Joiner*, 56 Wash. 202, 105 Pac. 457. However, we prefer to place our decision in the case at bar not upon the ground emphasized in the *Gutter* case, but on another ground, as hereinafter indicated.

The demurrer interposed by the bank lists, as one of its grounds, that the complaint does not state facts sufficient to constitute a cause of action.

■ A general demurrer to a complaint, which, on its face, states any cause of action, must be overruled; *Sweeny v. Sweeny Investment Company*, 199 Wash. 135, 90 P. (2d) 716, 139 A. L. R. 847. Conversely, such a demurrer must be sustained where no cause of action is stated.

■■ In order for a cause of action to arise from the issuance of a writ of attachment, it is essential (1) that the suing out of the writ was wrongful; and (2) that there was no reasonable cause to believe the ground upon which the attachment was issued to be true. Rem. Rev. Stat., § 654; *McGill v. W. P. Fuller & Company*, 45 Wash. 615, 88 Pac. 1038; *Davis v. Berbells*, 167 Wash. 468, 9 P. (2d) 787; 7 C. J. S. 664, § 517. If the element of wrongfulness is absent, the attachment plaintiff cannot be subjected to any liability on the ground that the process was sued out maliciously or vexatiously. An attachment is sued out wrongfully where no grounds exist. Rem. Rev. Stat., § 648, prescribes the grounds for attachment. The following ground (numbered six in the statute) appears in the affidavit for attachment in the instant case:

"That the defendant has assigned, secreted, or disposed of, or is about to assign, secrete, or dispose of, any of his property, with intent to delay or defraud his creditors. . . ."

Appellants contend that the attachment was sued out wrongfully because the statement that such a ground existed was false, and, in addition, that the bank had no reasonable cause to believe the statement was true. While the

demurrer may admit the fact that such a ground did not exist and that there was no reasonable cause to believe it did exist, nevertheless, what appellants have overlooked is the fact that the affidavit for attachment also set forth another of the grounds for attachment mentioned in Rem. Rev. Stat., § 648, as follows:

"10. That the object for which the action is brought is to recover on a contract, express or implied."

■■ The conditional sale contract upon which the original action was brought and the circumstances surrounding its making are described in the appellants' complaint. The latter shows that the attachment and garnishment actions were in aid of the lawsuit on the conditional sale contract and that judgment was rendered against the Browns in that action. It therefore appears from the complaint that one of the statutory grounds existed upon which a writ of attachment may be issued; that is, the action was brought to recover on an express contract. Thus the result to be derived from the pleadings (the complaint plus the demurrer) is that the writ of attachment was sued out on two grounds: one false and invalid but the other true and valid. The authorities point to the rule and the result herein—that if any one of the grounds upon which a plaintiff predicates his right to attachment is true, the attachment is not wrongfully sued out. In other words, where such attachment has been sued out on two grounds, probable cause as to either will defeat the action for wrongful and malicious attachment. *Wise v. McNichols,* 63 Mo. App. 141; *Painter v. Munn,* 117 Ala. 322, 23 So. 83; *Palo Sav. Bank v. Cameron,* 184 Iowa 183, 168 N. W. 769; 5 Am. Jur. 202, § 1000; 7 C. J. S. 664, § 517.

For the reason indicated above, it is our opinion that appellants have failed to state a cause of action. In the result to be reached herein, it is not material that the trial judge sustained the demurrer on another ground or reason.

The judgment appealed from is affirmed.

SCHWELLENBACH, C. J., HILL, and DONWORTH, JJ., concur.

February 6, 1952. Petition for rehearing denied.