[No. 9796–6–II.   Division Two.   November 30, 1987.]

CEDAR–AL PRODUCTS, INC., *Respondent,* v. ROBERT CHAMBERLAIN, ET AL, *Appellants.*

*Lane J. Wolfley,* for appellants.

*Craig L. Miller* and *Platt, Irwin, Colley, Oliver, Miller & Wood,* for respondent.

ALEXANDER, J.—Robert and Mary Chamberlain appeal an order of the Superior Court denying their motion to enforce a previously exonerated preliminary injunction bond. We hold that the trial court properly denied the motion, and we affirm.

Cedar–Al Products, Inc. commenced an action against the Chamberlains in Clallam County Superior Court to permanently enjoin the Chamberlains from marketing "pet pillows." Before trial, the trial court granted Cedar–Al's motion for a preliminary injunction. Cedar–Al, thereafter, posted a $3,500 preliminary injunction bond pursuant to the requirements of CR 65(c). The trial court subsequently granted a permanent injunction to Cedar–Al and, consequently, entered a separate order exonerating the preliminary injunction bond. The Chamberlains appealed the trial court's order granting a permanent injunction. They did not appeal, nor did they assign error to, the order exonerating the preliminary injunction bond.

This court reversed the permanent injunction. *Cedar–Al Prods., Inc. v. Chamberlain,* 38 Wn. App. 626, 687 P.2d 880

(1984). Chamberlains then moved in the trial court for an order enforcing the preliminary injunction bond. The trial court denied the motion and the Chamberlains appeal to this court.

The issue presented to us is very narrow. Is a temporary injunction bond, which has been previously exonerated by an unappealed order of the trial court, implicitly reinstated by a reversal of the order granting permanent injunction? We conclude that it is not and, thus, affirm the trial court.

CR 65(c) provides, in pertinent part:

> no restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. . . .

The purpose of CR 65(c) is to provide indemnification for parties who are wrongfully restrained or enjoined.[1] The posting of a bond for all but the State, its subdivisions and the federal government, is a condition precedent to the obtaining of a temporary restraining order or preliminary injunction. *Evar, Inc. v. Kurbitz,* 77 Wn.2d 948, 468 P.2d 677 (1970). Arguably, because the bond requirement is mandatory, no damages may be awarded for wrongfully obtaining an injunction if a bond does not exist. *See Venegas v. United Farm Workers Union,* 15 Wn. App. 858, 863–64, 552 P.2d 210 (1976), *review denied,* 88 Wn.2d 1002 (1977).

There are no Washington cases that directly deal with the issue with which we are confronted here. The Chamberlains argue that the reversal of a permanent injunction automatically reactivates injunction bonds that have been exonerated, notwithstanding a party's failure to appeal the order exonerating the bond. They cite *Atomic Oil Co. of Okla., Inc. v. Bardahl Oil Co.,* 419 F.2d 1097 (10th Cir.

---

[1]There is no bond requirement for a permanent injunction. Therefore, Cedar-Al may only seek indemnification from the bonding company for the damages it sustained, if any, during the period the temporary injunction was in effect.

1969), *cert. denied,* 397 U.S. 1063, 25 L. Ed. 2d 685, 90 S. Ct. 1500 (1970) and *Piambino v. Bailey,* 757 F.2d 1112 (11th Cir. 1985) in support of their position.[2]

■ We are not persuaded by the holdings in *Piambino* and *Atomic Oil.* We find the reasoning of the Ninth Circuit Court of Appeals in *Buddy Sys., Inc. v. Exer–Genie, Inc.,* 545 F.2d 1164 (9th Cir. 1976), *cert. denied,* 431 U.S. 903, 52 L. Ed. 2d 387, 97 S. Ct. 1694 (1977) more compelling. In that case, a party appealed a grant of a permanent injunction. However, the appellant in that case, like the Chamberlains, did not appeal the order exonerating the preliminary injunction bond. The permanent injunction subsequently was vacated and a separate action was brought by the enjoined party in an effort to obtain damages for the wrongful obtaining of the preliminary injunction. The court in *Buddy Systems* held that such a suit could not be maintained because the injunction bond previously had been exonerated and that order had not been appealed. The court went on to say that the exoneration of the bond was not implicitly reversed by the reversal of the permanent injunction.

The court amplified its reasons for the decision in a footnote. It bears quoting:

> The exoneration was not implicitly reversed by the reversal of the permanent injunction on direct appeal. We recognize that such a reversal provides a basis for finding the preliminary injunction to have been wrongfully issued. *Houghton v. Meyer,* 208 U.S. 149, 159–60, 28 S. Ct. 234, 52 L. Ed. 432 (1908). However, wrongful issuance is merely one element of a cause of action on an injunction bond. *Russell v. Farley, supra,* 105 U.S. [433] at 441–46; *Lawrence v. St. Louis–S.F. Ry.,* 278 U.S. 228, 233, 49 S. Ct. 106, 73 L. Ed. 282 (1929); *Page Communications Eng'rs, Inc. v. Froehlke,* 155 U.S.App.D.C. 1, 475 F.2d 994 (1973). The bond is still needed. There also must be damages shown. If the enjoined party suffers no monetary damage, he may not recover on a bond anyway and has no standing to appeal an alleged wrongful exon-

---

[2]Fed. R. Civ. P. 65(c) contains the same language as CR 65(c).

eration. If there are damages, it is incumbent upon the enjoined party to raise the wrongful exoneration issue on appeal.

*Buddy Systems,* 545 F.2d at 1169 n.10.

We adopt the reasoning of the court in *Buddy Systems.* Any other decision, it seems to us, would be grossly unfair to the surety who furnishes a bond and who is no longer a party to the case. It is the surety, after all, that would be responsible for any damages. If we adopted the reasoning advanced by Chamberlains, sureties would be uncertain as to the termination of their liability. The essential fact is that the bond was exonerated. The order exonerating the bond was unchallenged. If the Chamberlains believed that they had sustained damages before the order of exoneration was entered and, thus, felt aggrieved by the order, they should have appealed the order or at least assigned error to its entry. That was the time to do it because their recoverable damages, if any, would not increase after the order for permanent injunction was entered. Having failed to appeal the bond exoneration order, they cannot be heard to complain now.

We affirm.

REED, C.J., and PETRICH, J., concur.