[No. 11594-8-II. Division Two. August 17, 1989.]

ROBERT E. BAYS, ET AL, *Respondents,* v. CAROLA
M. HAVEN, ET AL, *Appellants.*

*Elizabeth A. Trainor* and *Tooze, Marshall, Shenker, Holloway & Duden,* for appellants.

*Ronald S. Marshall* and *Calbom, Pond, Falkenstein, Warme & Engstrom,* for respondents Bays.

*James B. Finlay,* for respondent Bank of the Pacific.

PETRICH, J.—Carola Haven appeals the trial court's judgment holding that the Bayses have an implied easement for ingress and egress across her property and denying her requests for damages against the Bayses and against the Bank of the Pacific. The Bayses cross–appeal the trial court's failure to award statutory costs pursuant to RCW 4.84.030. We affirm as modified.

The primary issue on appeal is whether ownership of the fee of the dominant estate and ownership of the servient estate by virtue of a contract of purchase satisfy the requirement of unity of title, one of the requisites of an easement by implication.

The dispute in this case involves Lots 1 and 7 of Morey Home Tracts in Pacific County. Prior to 1981, Gerald E. Haven was the owner of Lots 1, 73, and 74 of Morey Home Tracts. The three lots are adjacent to each other and are bordered on the west by Highway 103. Lot 1 is bordered on the east by Lot 7, Morey Home Tracts, which in turn is bordered on the east by P Street. Mr. Haven had access to his cabin on Lot 1 by means of a driveway that ran across Lots 73 and 74.

In 1981, Mr. Haven reached an agreement with the Sittons, the owners of Lot 7, to purchase their lot for $4,000. He made a $1,000 down payment and proceeded to sell Lots 73 and 74. He then built a driveway from P Street across Lot 7 to gain access to his cabin on Lot 1. In August 1981, Mr. Haven executed a deed of trust on Lot 1 to secure a loan procured from the Bank of the Pacific. He continued to use the driveway across Lot 7 to his cabin on Lot 1. However, Mr. Haven never acquired fee ownership of Lot 7 because of a cloud on that title.

On November 4, 1983, the Bank of the Pacific acquired title to Lot 1 from Gerald Haven as the result of a nonjudicial foreclosure of the deed of trust. Shortly afterward, Carola Haven, Gerald Haven's sister, satisfied the balance due on her brother's contract for Lot 7 with the Sittons by paying $3,000. The Sittons by then had cleared the cloud on their title and conveyed the property to Carola Haven.

The Bayses bought Lot 1 from the Bank in December 1983. Both the Bank and the Bayses mistakenly believed that the lot that the Bayses were buying ran from Highway 103 to P Street and encompassed Lots 1 and 7. The Bayses used the driveway on Lot 7 to gain access to their property on Lot 1. A dispute arose between the Bayses and Carola Haven because Ms. Haven did not want the Bayses using the driveway across her land.

The Bayses brought an action against the Bank for misrepresenting the boundaries of the land they bought and for leading them to believe that the driveway was situated within that land. The Bayses also brought an action against

Ms. Haven requesting that the court declare that they have an easement for ingress and egress over the existing driveway. Ms. Haven counterclaimed for damages against the Bayses and requested that they be enjoined from using her land. She also cross–claimed against the Bank for damages caused by its misrepresentation.

After a bench trial, the court ruled that the Bayses have an implied easement for the use of the driveway and denied Haven's claims for damages. The court did not award the Bayses their costs.

 The elements of an implied easement are: (1) former unity of title and subsequent separation; (2) the presence of a prior apparent and continuous quasi–easement existing for the benefit of one part of the estate to the detriment of another; and (3) a certain degree of necessity for the continuation of the easement. *Hellberg v. Coffin Sheep Co.,* 66 Wn.2d 664, 667–68, 404 P.2d 770 (1965); *Crescent Harbor Water Co. v. Lyseng,* 51 Wn. App. 337, 344, 753 P.2d 555 (1988). Satisfaction of the unity and separation factor is essential for a finding of an implied easement. *Adams v. Cullen,* 44 Wn.2d 502, 505, 268 P.2d 451 (1954); *Crescent Harbor Water Co. v. Lyseng, supra.*

1. Unity of Title and Subsequent Separation:

Here, unity of title is satisfied because Gerald Haven owned both Lots 1 and 7 at the time that he burdened Lot 7 with the easement for the benefit of Lot 1.[1] Carola Haven argues that unity of title requires absolute ownership of the two lots and that since Gerald Haven never acquired title to Lot 7 there could not have been unity of title. We disagree.

 Gerald Haven had substantial rights in the land, pursuant to the real estate contract, even though his interest did not amount to a fee title. *Oliver v. McEachran,* 149

---

[1]Finding of fact 4 establishes that Gerald Haven was owner of Lot 1 prior to 1981. Finding of fact 6 establishes that in 1981 Gerald Haven entered into a contract to purchase Lot 7 then built a driveway across Lot 7 to provide access to his cabin on Lot 1. Those unchallenged findings of fact are verities on appeal. *Metropolitan Park Dist. v. Griffith,* 106 Wn.2d 425, 433, 723 P.2d 1093 (1986).

Wash. 433, 438, 271 P. 93 (1928). The vendee under a real estate contract has the right to possession of the land, the right to dominion and control of the land, and the right to cultivate and harvest the crops grown on the land. *State ex rel. Oatey Orchard Co. v. Superior Court,* 154 Wash. 10, 12, 280 P. 350 (1929). The vendee may contest a suit to quiet title, sue for trespass, and sue to enjoin construction of a fence. *Cascade Sec. Bank v. Butler,* 88 Wn.2d 777, 782, 567 P.2d 631 (1977).[2] Significantly, the purchaser in an executory real estate contract has an interest which he can mortgage. *Kendrick v. Davis,* 75 Wn.2d 456, 460, 452 P.2d 222 (1969).

Under Washington case law a purchaser under an executory real estate contract has substantial rights and is clearly the beneficial owner of the real property. We hold that this type of ownership satisfies the requirement of unity of title.[3]

 Severance of the unity of title can be through a voluntary conveyance or through a foreclosure. *See Puget Sound Mut. Sav. Bank v. Lillions,* 50 Wn.2d 799, 314 P.2d 935 (1957), *cert. denied,* 357 U.S. 926 (1958). Here, severance occurred at the time of the Bank's foreclosure on the deed of trust.

2. Prior Use:

The second requirement of an implied easement was met and does not present an issue on appeal. It is not disputed that Gerald Haven used the driveway to gain access to his

[2]This case specifically overruled *Ashford v. Reese,* 132 Wash. 649, 233 P. 29 (1925), which held that a contract vendee had no title or interest, legal or equitable, in the land subject to the contract of sale. *Cascade Security Bank,* 88 Wn.2d at 781.

[3]The result here may have been different if Gerald Haven's interest under the real estate contract was forfeited to the Sittons, the contract vendors. A mortgagee of property subject to a real estate contract has a lien only on the rights of the original contract purchaser. Upon forfeiture, no interest remains upon which the mortgagees' lien can operate. *Kendrick v. Davis,* 75 Wn.2d 456, 452 P.2d 222 (1969). Similarly, it is not clear whether Gerald Haven could impose an easement which is enforceable against the vendor's interest upon forfeiture.

cabin on Lot 1. Therefore, a quasi–easement was in existence at the time of severance.

3. Reasonable Necessity:

■ The third requirement of an implied easement is that the easement must be reasonably necessary to the proper enjoyment of the dominant tenement. *Adams v. Cullen,* 44 Wn.2d 502, 506, 268 P.2d 451 (1954). The test of necessity is whether the party claiming the right can, at reasonable cost, on his own estate, and without trespassing on his neighbors, create a substitute. *Adams,* 44 Wn.2d at 507.

■ Here, the trial court found reasonable necessity in finding of fact 13. Finding of fact 13 establishes that Bayses' application for a permit to provide access off Highway 103 was denied and that such direct access was impractical. This finding is supported by substantial evidence in the record and will, therefore, be upheld on appeal. *State v. Thetford,* 109 Wn.2d 392, 396, 745 P.2d 496 (1987).

We conclude that the trial court was correct in holding that the Bayses had an implied easement over Carola Haven's property because the requirements of an implied easement were met.

We affirm the denial of damages to Carola Haven. There was no evidence presented at trial to prove that the damage to the trees or underbrush on Lot 7 resulted from the Bayses' use of the easement. Furthermore, Carola Haven cannot claim damages merely because there is an easement on her property. She took her brother's property subject to the easement created by him.

■ The Bayses cross–appeal the trial court's failure to award them statutory costs pursuant to RCW 4.84.030. The statute provides in relevant part: "In any action in the superior court of Washington the prevailing party shall be entitled to his or her costs and disbursements . . ." RCW 4.84.030. For purposes of RCW 4.84.030, the prevailing party is defined as the party who receives a judgment in his favor. *Burman v. State,* 50 Wn. App. 433, 445, 749 P.2d

708, *review denied,* 110 Wn.2d 1029 (1988); *Yakima Adj. Serv., Inc. v. Durand,* 28 Wn. App. 180, 622 P.2d 408 (1981). The Bayses are entitled to their costs.

Affirmed as modified.

ALEXANDER, C.J., and REED, J., concur.