[No. 29585-1-III.   Division Three.   October 13, 2011.]

THE BANK OF NEW YORK, *as Trustee, Appellant,* v. BRIAN R. HOOPER ET AL., *Defendants,* MARCO T. BARBANTI ET AL., *Respondents.*

*John A. Solseng* and *Phillip E. Brenneman* (of *Robinson Tait PS*), for appellant.

*Timothy W. Durkop* and *Richard W. Perednia*, for respondents.

¶1 BROWN, J. — The Bank of New York (BNY) appeals certain trial court orders reconveying a deed of trust and awarding attorney fees. BNY contends that the court erred by declaring an ownership interest in the property instead of limiting its order to quieting title against the deed of trust and that attorney fees were not authorized by statute because respondents were not parties to the deed of trust contract. We agree with BNY, reverse, and remand for correction of the offending language.

## FACTS

¶2 Brian and Lisa Hooper owned a commercial property in Spokane, Washington. On April 23, 1993, the Hoopers executed a promissory note and granted a deed of trust on

the property to Metropolitan Mortgage and Securities Co. On May 1, 1996, the Hoopers entered into a real estate contract selling the property to Marco Barbanti. The real estate contract provided for Mr. Barbanti to take the property subject to Metropolitan's deed of trust. The contract provided the underlying obligation would be paid by the Hoopers but funded by Mr. Barbanti through payments to the Hoopers' escrow agent in addition to the contract payment. Mr. Barbanti did not assume the note and deed of trust obligations. Later, Mr. Barbanti made arrangements to make the payments directly to Metropolitan's escrow agent. In April 1997, Metropolitan assigned its interest under the deed of trust to BNY. Later, Mr. Barbanti stopped paying on the deed of trust.

¶3 In July 2003, Mr. Barbanti quitclaimed the property to Royal Pottage Enterprises Inc.

¶4 In April 2009, BNY sued to foreclose the deed of trust on the property. In its complaint, BNY sought a money judgment and decree of foreclosure against the Hoopers. BNY sought to recover its costs and attorney fees incurred in the foreclosure action from the Hoopers. BNY's complaint named several other persons and entities alleged to have an interest in the property as defendants, including Mr. Barbanti, Royal Pottage, and a judgment lienor, Junco Frost Lavinia Inc. (collectively Respondents). The complaint sought to foreclose any interest in the property held by Respondents but did not seek attorney fees and costs against them.

¶5 On August 27, 2010, Mr. Barbanti moved to dismiss BNY's foreclosure action as time barred under the applicable statute of limitations. Royal Pottage and Junco Frost joined in the dismissal motion. Mr. Barbanti admitted he had failed to make the payments to escrow to pay the underlying deed of trust payments as required by his real estate contract with the Hoopers. Accordingly, the Hoopers moved to amend their answer and to add a cross claim against Mr. Barbanti, alleging he breached the real estate

contract by failing to pay the amounts to cover the under-lying deed of trust payments even though he continued to pay on the contract. Shortly before the dismissal hearing, the Hoopers assigned their sellers' interest in the real estate contract to BNY.

¶6 At the dismissal hearing on September 24, 2010, BNY asked the court to deny dismissal and allow it to amend its complaint to assert claims enforcing the real estate contract based upon Mr. Barbanti's breach of his obligations under the contract. The court orally granted the dismissal motion, apparently denying the amendment request. On October 15, 2010, Mr. Barbanti, Royal Pottage, and Junco Frost moved for attorney fees under RCW 4.84.330; the same day, Royal Pottage and Junco Frost moved to reconvey the deed of trust. On October 28, 2010, BNY filed a separate lawsuit to enforce the real estate contract against Mr. Barbanti.

¶7 On October 29, 2010, the court entered four orders: (1) "Order Granting Motion to Dismiss" (dismissing the bank's foreclosure action as barred by the statute of limitations), (2) "Order Reconveying Deed of Trust," (3) "Judgment For Defendant Marco T. Barbanti" (awarding attorney fees), and (4) "Judgment For Defendants Royal Pottage and Junco Frost" (awarding attorney fees).

¶8 BNY moved to reconsider the Order Reconveying Deed of Trust and asking the court to modify its order so as not to declare that Royal Pottage was the fee owner of the property. And, BNY moved to reconsider the judgments awarding attorney fees to the defendants. The trial court denied the reconsideration motions on November 30, 2010. BNY appealed.

## ANALYSIS

### A. Title Language Dispute

¶9 The issue is whether the trial court erred in ordering Royal Pottage the "fee owner" of the property. BNY contends

the court prematurely decided property ownership instead of limiting its order to quieting title against the deed of trust.

¶10 Whether declaring Royal Pottage fee owner of the property was error is a question of law. We review questions of law de novo. *Hanson v. City of Snohomish*, 121 Wn.2d 552, 556, 852 P.2d 295 (1993).

¶11 Under RCW 7.28.300, the record owner of a property may request property title be quieted against a deed of trust on that real estate:

> The record owner of real estate may maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate where an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations, and, upon proof sufficient to satisfy the court, may have judgment quieting title against such a lien.

¶12 BNY does not dispute Royal Pottage is the record owner of the property. BNY does not dispute its deed of trust was stale and its foreclosure action was time barred. Thus, considering RCW 7.28.300, BNY properly does not dispute Royal Pottage was entitled to a judgment quieting title against the lien; BNY does not appeal the court's authority and decision to quiet title and dismiss its foreclosure action. But BNY does dispute the trial court's authority under RCW 7.28.300 to declare Royal Pottage the "fee owner" of the property. Respondents jointly respond that the label "fee owner" does not change the effect of the order.

¶13 Royal Pottage stands in Mr. Barbanti's shoes as a real estate contract vendee by virtue of the 2003 Barbanti-Royal Pottage quitclaim deed. *Cascade Security Bank v. Butler*, 88 Wn.2d 777, 782, 567 P.2d 631 (1977) (clarifying real estate contract vendee interests) supports Respondents' resort to RCW 7.28.300 because real estate contract vendees have a substantial interest in the subject real property. But Royal Pottage could not acquire any greater right, title, or interest than held by Mr. Barbanti in the real

estate contract. Thus, BNY's concerns over the "fee owner" language used by the trial court are well founded. Because BNY is the Hoopers' assignee of the seller's interest in the real estate contract, it holds legal title to the property as security for performance of contract conditions. If the real estate contract conditions are performed, BNY will be obligated to execute and deliver a statutory fulfillment deed.

¶14 Because BNY is separately litigating its ownership rights under the real estate contract, it is premature, as BNY argues, to order that Royal Pottage is the "fee owner" when Royal Pottage holds no more than a vendee's interest in the real estate contract. BNY correctly cites *Tomlinson v. Clarke*, 118 Wn.2d 498, 504, 825 P.2d 706 (1992):

> A real estate contract is an agreement for the purchase and sale of real property in which legal title to the property is retained by the seller as security for payment of the purchase price. Legal title does not pass to the purchaser until the contract price is paid in full.

Additionally, BNY helpfully cites *Bays v. Haven*, 55 Wn. App. 324, 327-28, 777 P.2d 562 (1989), for the proposition that although a seller may be the "beneficial owner" of property under a real estate contract, the interest "[does] not amount to a fee title." We are not persuaded by Respondents' contrary argument.

¶15 Next Respondents argue the trial court could accept as true the allegations in the plaintiff's complaint when ruling on a motion to dismiss. This argument is also unpersuasive. BNY did not concede that Mr. Barbanti had fee title to the property. Rather, as the bank argues, the complaint listed Mr. Barbanti's interest "as 'fee title' merely as notice of potential claims on the land." Reply Br. of Appellant at 2. BNY's reference was in the "Identification of Defendants" section of the complaint. Clerk's Papers (CP) at 5.

¶16 Finally, Respondents argue any possible error would be harmless because a correction would render the same

result. We disagree. Although BNY could not foreclose on the property because its deed of trust was unenforceable, the real estate contract is still in litigation. Significantly, the real estate contract is the sole avenue Royal Pottage has available to claim an interest in the property. At this juncture, if we were to adopt Respondents' no-harm-no-foul approach, BNY's enforcement rights in the real estate contract could be impaired by allowing Respondents to argue fee ownership and fee title are one and the same. Respondents could, for example, improperly force BNY to contend with issues of res judicata or estoppel in the real estate contract litigation. And, RCW 7.28.300 is not a mechanism for the court to determine competing ownership interests in the property. The trial court's order went beyond the scope of the issue before it when it included a conclusion that Royal Pottage was the "fee owner" of the property in addition to clearing the stale lien.

## B. Attorney Fees

¶17 The issue is whether the trial court erred in awarding attorney fees to Mr. Barbanti, Royal Pottage, and Junco Frost. BNY contends no statutory basis exists for the award of attorney fees.

¶18 In Washington, a court has no power to award attorney fees unless authorized by statute, by contract, or on equitable grounds. *Fisher Props., Inc., v. Arden-Mayfair, Inc.*, 106 Wn.2d 826, 849-50, 726 P.2d 8 (1986); *Herzog Aluminum, Inc. v. Gen. Am. Window Corp.*, 39 Wn. App. 188, 692 P.2d 867 (1984); *Bongirno v. Moss*, 93 Wn. App. 654, 657, 969 P.2d 1118 (1999). Whether a statute or a provision of a contract authorizes an award of attorney fees is a legal question we review de novo. *Tradewell Grp., Inc. v. Mavis*, 71 Wn. App. 120, 126, 857 P.2d 1053 (1993); *State v. Watson*, 146 Wn.2d 947, 954, 51 P.3d 66 (2002).

¶19 RCW 4.84.330 provides:

In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides

that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

BNY and Respondents agree that RCW 4.84.330 is applicable even when the contract itself is found invalid. *Herzog*, 39 Wn. App. at 195-97.

¶20 The note signed by the Hoopers included the following attorney fee provision:

If this note be placed in the hands of an attorney for collection, or if suit shall be brought to collect any of the principal or interest payable hereunder, I promise to pay a reasonable attorney's fee and all other costs and expenses incurred therein by holder.

CP at 12. The deed of trust signed by the Hoopers, not the Respondents, partly contained the following attorney fee provision:

To protect the security of this Deed of Trust, Grantor covenants:

. . . .

4. To defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including the cost of title search and attorney's fees in a reasonable amount, in any such action or proceeding, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

CP at 14-15. In its foreclosure action, BNY sought a monetary judgment against the Hoopers, the grantors under the deed of trust, and alleged the loan instruments provided that the costs of enforcement, including attorney fees were recoverable. If the bank had prevailed in its foreclosure action, pursuant to note and deed of trust, it would have been able to recover its costs and attorney fees in the judgment against the Hoopers.

¶21 The real estate contract between the Hoopers and Mr. Barbanti was not an assignment of the note and deed of trust. Thus, the attorney fee provision in the underlying loan instruments apply solely to the Hoopers. Accordingly, BNY did not seek, nor could it have obtained, a monetary judgment or an award of attorney fees against Mr. Barbanti, Royal Pottage, or Junco Frost.

¶22 BNY correctly argues RCW 4.84.330 is a mutuality provision. Because the bank would not have been entitled to attorney fees against Mr. Barbanti, Royal Pottage, or Junco Frost, RCW 4.84.330 does not provide a basis for those parties to recover attorney fees against the bank.

¶23 However, Respondents argue if the bank had obtained an attorney fee award against the Hoopers, then they would have to pay the attorney fees awarded against the Hoopers if they chose to preserve their interest in the property by paying off the underlying obligation. This is not an action on the contract. But, Respondents argue that, while not binding, "the decision by the California Court of Appeal in *Saucedo v. Mercury Savings and Loan* [*Ass'n*], 111 Cal. App. [3d] 309, 168 Cal. Rptr. 552 (1980) is helpful and instructive." Br. of Resp'ts at 33. But *Saucedo* is not controlling in Washington. Although Respondents had an interest in defending against the foreclosure, their basis for attorney fees is not authorized by statute, by contract, or on well recognized equitable grounds in Washington. The trial court's award of attorney fees is reversed. It follows that Respondents' attorney fee request here is denied.

## C. Reconsideration

¶24 Motions for reconsideration are within the sound discretion of the trial court, and we will not reverse that decision absent a showing of a manifest abuse of discretion. *Wagner Dev., Inc. v. Fid. Bond & Deposit Co. of Md.*, 95 Wn. App. 896, 906, 977 P.2d 639 (1999). Because the trial court's orders were in error, its denial of reconsideration was likewise in error.

¶25 Reversed and remanded for action consistent with this opinion.

Korsmo, A.C.J., and Siddoway, J., concur.

Review denied at 173 Wn.2d 1021 (2012).