# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
# DIVISION ONE

EDWARD M. GOODMAN and
BERNICE S. GOODMAN, husband
and wife,

      Respondents,

      v.

MICHAEL J. GOODMAN and
MARY F. GOODMAN, husband and
wife,

      Appellants.

No. 68416-7-I

ORDER DENYING MOTION
FOR RECONSIDERATION,
CHANGING AND REPLACING
OPINION

Appellants Michael and Mary Goodman filed a motion for reconsideration of the court's opinion filed November 25, 2013. The panel has determined that the motion should be denied but that the opinion should be changed and replaced as noted below. Now therefore, it is hereby

ORDERED that on page 3, n.2: Delete the phrase "it was not admitted at trial" in the sentence beginning "But Michael." It is further

ORDERED that on page 7, add a footnote to the last sentence in the first paragraph ending with "Lot 2." The footnote shall read, "Without relevant authority or compelling argument, Michael claims that the Shoreline Management Act precludes the trial court from finding an implied easement in this case. In the absence of meaningful authority, Michael does not establish grounds for any relief based on the Shoreline Management Act. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828

No. 68416-7-I
Order Granting Motion for Reconsideration,
Changing and Replacing Opinion


P.2d 549 (1992) (court need not address arguments unsupported by relevant

authority)." It is further

ORDERED that the amended opinion shall replace the original opinion filed

herein.

Dated this 13th day of January, 2014.

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2014 JAN 13 AM 10: 14

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| EDWARD M. GOODMAN and BERNICE S. GOODMAN, husband and wife, | ) ) ) ) | No. 68416-7-I |
| Respondents, | ) ) ) | |
| v. | ) ) | |
| MICHAEL J. GOODMAN and MARY F. GOODMAN, husband and wife, | ) ) ) ) | UNPUBLISHED OPINION |
| Appellants. | ) ) ) | FILED: January 13, 2014 |

VERELLEN, J. — Michael Goodman appeals the trial court's order quieting title and granting declaratory relief to his brother, Edward Goodman, in this dispute involving easements over Michael's property. Because Michael fails to demonstrate error, we affirm. We also grant Edward's motion for an award of attorney fees.

FACTS

In 1977, Ruth Goodman conveyed a 26-acre parcel of land in unincorporated Skagit County to her son, Edward Goodman. In 1979, Edward and his younger brother Michael Goodman hired a surveyor to prepare a short plat of the parcel, dividing it into four lots. Ruth lived in the family home on Lot 4. Edward sold Lot 1 to pay Ruth's living expenses. Edward and Michael constructed a driveway across Lot 2 to Lot 3. Edward

installed a septic tank and drain field in Lot 2 to serve the house he planned to build on Lot 3. In 1980, Edward conveyed Lot 2 to Michael by quitclaim deed.

Edward and Michael and their families peacefully coexisted on Lots 2 and 3 until March 2010, when a dispute arose regarding Edward's septic system, as well as his use of the driveway. Edward filed a quiet title action and obtained a temporary restraining order preventing any change to the status quo for the septic system or the shared driveway.

After a bench trial and a site visit, the trial court determined that Edward established implied easements for use of the shared driveway and the septic system and drain field on Michael's property, quieted title to the easements in Edward, and enjoined Michael from interfering with Edward's use of the shared driveway easement and the septic system easement.

Michael appeals.[1]

---

[1] Edward has moved to strike illustrations included on pages 6 and 12 of Michael's opening brief, but not labeled with citations to the record. In his reply brief, Michael cites Clerk's Papers 248-78 for the diagram on page 6 and Clerk's Papers 50-85 for the diagram on page 12. No diagram identical to that included on page 6 of the brief appears in the identified pages, but that printed on page 12 appears at Clerk's Papers 80 as Exhibit I to Michael's posttrial motion for reconsideration. Even accepting these diagrams as having been considered by the trial court, they do not change the outcome of the appeal.

ANALYSIS[2]

Following a bench trial, we review factual findings for substantial evidence and legal conclusions de novo, determining whether the findings support the conclusions.[3] Substantial evidence is that sufficient to persuade a fair-minded person of the finding's truth.[4] If the standard is satisfied, we will not substitute our judgment for that of the trial court even if we would have resolved a factual dispute differently.[5] We defer to the trial court's assessment of witness credibility and persuasiveness of the evidence, as well as its resolution of conflicting testimony.[6] Unchallenged findings of fact are verities on appeal.[7]

Michael assigns error to only one of the trial court's 89 numbered findings of fact. He claims the trial court abused its discretion in finding 36, in that "[t]he 1979 road build date is false."[8] Finding 36 provides:

---

[2] Along with his opening brief, Michael filed a "Motion in Brief" citing RAP 17.4(d) and requesting "equitable relief for fraud." Motion in Brief at 1, 5. In his motion, Michael quotes trial testimony regarding Exhibit 18 and claims that Edward violated various statutes and acted in bad faith by creating and recording Exhibit 18, a purported express easement as to the shared driveway. But Michael never requested relief in the trial court based on Exhibit 18, and the trial court dismissed any claim of an express easement before Michael presented his defense at trial. The motion is denied. We also deny all other pending motions Michael has filed presenting any challenges to the trial court's decision outside of the briefs.

[3] Sunnyside Valley Irrigation Dist. v. Dickie, 149 Wn.2d 873, 879-80, 73 P.3d 369 (2003).

[4] City of Tacoma v. William Rogers Co. Inc., 148 Wn.2d 169, 191, 60 P.3d 79 (2002).

[5] Sunnyside Valley, 149 Wn.2d at 879-80.

[6] Lodis v. Corbis Holdings, Inc., 172 Wn. App. 835, 861, 292 P.3d 779 (2013).

[7] Keever & Assoc., Inc. v. Randall, 129 Wn. App. 733, 741, 112, 119 P.3d 926 (2005).

[8] Appellant's Br. at 4.

The road built in 1979 included Goodman Lane, the paved driveway up to Lot 3, the driveway south downhill on Lot 2 to the beach area (portions of which were paved) and the access to Lot 3 along the edge of Lake Campbell. The construction of the road was completed before the short plat was approved by the County.[9]

Michael asserts that Edward's evidence regarding the date the road was built was "incompetent," while Michael admitted an aerial photograph and claims that it shows that no road existed before 1980.[10]

At trial, Michael testified that the road was completed in 1986, and offered an aerial photograph, Exhibit 32, which he claimed did not show the road as of 1980. But Edward testified that he and Michael shared the expense of hiring a construction company to complete work on the road in 1979, and offered family pictures taken during the project, as well as various written records. Edward also testified that the road was visible on Exhibit 32, and identified its location in relation to a dock and a trailer as they existed on the property in 1979. Because we defer to the trial court's assessment of credibility and resolution of this conflicting testimony, Michael's challenge to finding 36 fails.

Michael also challenges the trial court's conclusions regarding the existence of the implied easements. An easement may be implied from prior use based on the following three elements: "(1) unity of title and subsequent separation by grant of the dominant estate; (2) apparent and continuous user; and (3) the easement must be reasonably necessary to the proper enjoyment of the dominant estate."[11] But unity of

---

[9] Clerk's Papers at 512.

[10] Appellant's Br. at 5.

[11] MacMeekin v. Low Income Hous. Inst., Inc., 111 Wn. App. 188, 195, 45 P.3d 570 (2002).

title and subsequent separation is the only absolute requirement.[12] The other two elements are merely "aids to the construction in determining the cardinal consideration—the presumed intention of the parties as disclosed by the extent and character of the use, the nature of the property, and the relation of the separated parts to each other."[13]

Michael challenges conclusion 1, which states, "Prior to 1980, Lots 2 and 3 were owned by Edward and Bernice Goodman and thus there was unity of title."[14] He also challenges the reference in conclusion 6 to Goodman Lane.[15] Referring to Exhibit 27, Michael claims that Edward "did not own or convey Lot 1 or Lot 3 of Short Plat 61-89."[16] But Exhibit 27, depicting Short Plat 61-89, is the subdivision into four lots of the original Lot 1 Edward sold to provide for Ruth's expenses.[17] Michael does not dispute the trial court's findings that Edward owned the two lots at issue in the litigation, Lot 2, which Edward conveyed to Michael in 1980, and Lot 3, which Edward retained, of Short Plat 55-80.[18] And Michael does not challenge the trial court's finding describing Edward's

---

[12] Roberts v. Smith, 41 Wn. App. 861, 865, 707 P.2d 143 (1985).

[13] Adams v. Cullen, 44 Wn.2d 502, 505-06, 268 P.2d 451 (1954).

[14] Clerk's Papers at 518.

[15] Conclusion 6 provides, "An easement implied from prior use has been established by the Plaintiffs as to the roadway constructed in 1979, including Goodman Lane and the roadway down to and across the lake front of Lot 2, and as to the septic system installed as described on page 5 of Exhibit 20." Clerk's Papers at 519.

[16] Appellant's Br. at 6.

[17] Finding of Fact 17 states, "Lot 1, which bordered Campbell Lake Road, was sold to provide income to Ruth Goodman. It was later subdivided into 4 lots (Exhibit #27)." Clerk's Papers at 510.

[18] Michael does not challenge Finding of Fact 41, which states in pertinent part, "Ed and Bernice Goodman conveyed Lot 2 of Short Plat 55-80 to Mike and Mary Goodman on September 8, 1980 by quit claim deed." Clerk's Papers at 512.

easement over the original Lot 1 as to Goodman Lane. "On plat map 55-80 is a 60-foot wide right-of-way access from Campbell Lake Road along the west side of Lot 1, which is now Goodman Lane and part of the shared driveway."[19] Conclusions 1 and 6 are properly supported by these unchallenged findings.

Next, Michael contends that the trial court erred by concluding that Edward's use of the disputed roadway and septic system was continuous before 1980 because he did not build his home or reside on Lot 3 until 1991. But in unchallenged findings, the trial court found that Edward put a travel trailer on Lot 3 before conveying Lot 2 to Michael in 1980, and continuously maintained and used the shared roadway to access the trailer and the beachfront to work on the property and for recreation.[20] As to the septic system, Michael has not challenged the trial court's findings that Michael knew about the septic system when Edward installed it in 1979, and that Edward connected the septic system to his trailer in 1982 and his house in 1991, and used it continuously until it was destroyed in 2010.[21] These findings support the trial court's conclusion regarding continuous use.

Michael also challenges the trial court's conclusion regarding reasonable necessity, arguing that Edward failed to present evidence of relative costs of substitutes. Absolute necessity is not required to establish an implied easement.[22] "The test of necessity is whether the party claiming the right can, at reasonable cost, on

---

[19] Finding of Fact 23; Clerk's Papers at 510.

[20] Findings of Fact 37 and 64; Clerk's Papers at 512, 515.

[21] Findings of Fact 73 and 80; Clerk's Papers at 516-17.

[22] Evich v. Kovacevich, 33 Wn.2d 151, 157-58, 204 P.2d 839 (1949).

his own estate, and without trespassing on his neighbors, create a substitute."[23] Although Edward did not submit cost estimates and the trial court did not make findings regarding costs of substitutes, Michael does not challenge the following findings: (1) the topography of Lot 3, including the hill and a bog prevents vehicle access from Lot 4;[24] (2) "There is no other practical or feasible access for vehicles or pedestrians to Lot 3 from a public road other than the shared driveway;"[25] (3) Lot 3 contains a single natural building site on top of a rock;[26] (4) Edward installed his septic system on Lot 2 because "Lot 3 did not perc";[27] and (5) although Edward has installed an alternative system on Lot 3, he is "required by the County" to maintain the Lot 2 location "as a reserve drain field."[28] These findings support the trial court's conclusion that Edward's uses of Lot 2 are reasonably necessary. In sum, Michael fails to demonstrate error in the trial court's determination regarding the existence of implied easements serving Lot 3 for use of the driveway and septic system on Lot 2.[29]

---

[23] Bays v. Haven, 55 Wn. App. 324, 329, 777 P.2d 562 (1989).

[24] Findings of Fact 48-51; Clerk's Papers at 513.

[25] Finding of Fact 52; Clerk's Papers at 514.

[26] Findings of Fact 53 and 70; Clerk's Papers at 514-15.

[27] Finding of Fact 70; Clerk's Papers at 515.

[28] Finding of Fact 83; Clerk's Papers at 517.

[29] Without relevant authority or compelling argument, Michael claims that the Shoreline Management Act precludes the trial court from finding an implied easement in this case. In the absence of meaningful authority, Michael does not establish grounds for any relief based on the Shoreline Management Act. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (court need not address arguments unsupported by relevant authority).

Edward requests an award of attorney fees and expenses for a frivolous appeal.[30] An appeal is frivolous "if the appellate court is convinced that the appeal presents no debatable issues upon which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal."[31] Given Michael's failure to challenge all but one of the trial court's careful and comprehensive findings of fact and the lack of relevant authority or coherent argument to support his claims regarding the trial court's conclusions, that standard is satisfied here.

Affirmed. Edward is awarded attorney fees subject to compliance with RAP 18.1(d).

WE CONCUR:

---

[30] RAP 18.9(a).

[31] In re Marriage of Foley, 84 Wn. App. 839, 847, 930 P.2d 929 (1997).