

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MELANIE J. BRYANT, a single person, | ) | |
| | ) | No. 35592-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN R. SANDBERG and ANNE D. | ) | UNPUBLISHED OPINION |
| SANDBERG, husband and wife, | ) | |
| | ) | |
| Appellants. | ) | |

SIDDOWAY, J. — In 2013, Melanie Bryant purchased a home, formerly owned by

Stephen Sandberg, whose garage was designed to be served by a driveway on property

that Mr. Sandberg continues to own. When Mr. Sandberg refused to let her use the

driveway, Ms. Bryant sued and persuaded the court at a bench trial that an easement

should be implied.

Mr. Sandberg testified at the bench trial that he abandoned use of the driveway as

access to what is now Ms. Bryant's garage in 2003, at the time he filed a short plat that

severed the residential property she now owns from the residential property he continues to own. This complicated the easement issue, but the evidence was nonetheless sufficient. We affirm.

FACTS AND PROCEDURAL BACKGROUND

In March 2003, Stephen Sandberg, his former wife, and his aunt and uncle filed a short plat dividing what had formerly been a single 2.12 acre parcel into two lots: a 1.02 acre Lot 1, and a 1.10 acre Lot 2. At the time, several structures existed on the combined parcel, whose south edge bordered on a county road. The property line between Lots 1 and 2 zigzagged considerably; according to Mr. Sandberg, this was to fairly allocate the "pros and cons" of the property between the two lots. Report of Proceedings (RP) at 60.

The Sandbergs took title to Lot 1, on which their existing home was located. According to Mr. Sandberg, one "con" of Lot 1 was that a driveway that had previously served the entire property would become part of Lot 2, since the driveway would serve as Lot 2's only access to the county road. Lot 1 had other access, since it is bordered on the south by the county road. A garage constructed by the Sandbergs in 2002 had been designed to be served by the common driveway and would no longer be usable as a garage unless Lot 1 was granted an easement or unless a new driveway was constructed that circled behind the home and approached the garage from its west side. According to Mr. Sandberg, he did not want Lot 2 to be burdened by an easement, so he and his former

2

wife stopped using the garage as a garage. He claims his wife began using it as her craft room, although "it got usurped with storage in a lot of places." RP at 63.

Following the approval of the short plat, the Sandbergs acquired Lot 2 from Mr. Sandberg's uncle and aunt. In 2011 the Sandbergs moved into a residence on Lot 2 after they defaulted on a mortgage loan encumbering Lot 1 and their lender foreclosed.

Lot 1 was purchased by Melanie Bryant in 2013. When Mr. Sandberg took the position that she had no right to use the driveway on which her garage fronted, Ms. Bryant brought the action below, seeking to establish an implied easement or an easement by necessity. In 2015, the Grant County Superior Court entered summary judgment in her favor, finding an easement by implication.

Mr. Sandberg appealed. A panel of this court identified disputes of fact and reversed and remanded for trial. Describing the proof required to establish an implied easement, this court's decision set forth the following law of the case:

> The elements for establishing an implied easement are (1) unity of title and subsequent separation of title in real property, (2) apparent and continuous use of one part of the property to benefit the other, and (3) reasonable necessity that the use continue after severance of the property. *Hellberg v. Coffin Sheep Co.*, 66 Wn.2d 664, 668, 404 P.2d 770 (1965). Unity of title is an absolute requirement. [*Id.*] One decision proclaims that the presence or absence of the second or third element is not necessarily conclusive. *Rogers v. Cation*, 9 Wn.2d 369, 376, 115 P.2d 702 (1941). Another decision reads that the first and third factors, unity of title and reasonable necessity, are essential for the creation of an implied easement. *Fossum Orchards v. Pugsley*, 77 Wn. App. 447, 451, 892 P.2d 1095 (1995). One opinion declares that the three-element rule of an implied easement "is not a hard and fast one and the presence or absence of any or all of the

stated requirements is not necessarily conclusive." [*Rogers*], 9 Wn.2d at 376.

The second and third elements of an implied easement act as aids to determine the "presumed intention of the parties as disclosed by the extent and character of the user, the nature of the property, and the relation of the separated parts to each other." [*Hellberg*], 66 Wn.2d at 668. An implied easement arises at the time of conveyance. *Visser v. Craig*, 139 Wn. App. [152,] 161-62[, 159 P.3d 453] (2007). Despite Washington decisional language questioning whether any one of the three elements are essential, we find no decision that concludes the easement claimant may prevail on summary judgment when she only establishes, as a matter of law, one of the elements.

Here, the parties agree that Melanie Bryant satisfies the first element because Stephen Sandberg owned both lots and subsequently separated title in the lots. Sandberg does not argue that an intervening foreclosure purchaser destroyed the presence of the first element.

The party seeking the implied easement has the burden of presenting evidence of prior continuous use, the second element of an implied easement. *McPhaden v. Scott*, 95 Wn. App. 431, 438, 975 P.2d 1033 (1999). Stephen Sandberg testified that, as residents of Lot 1, he and his wife did not use the Lot 2 driveway, and Melanie Bryant presented no evidence of continuous use of the driveway for the benefit of Lot 1. We have no evidence of any use of Lot 2 by someone residing on Lot 1.

Creation of an implied easement does not require absolute necessity to fulfill the third element of an implied easement, but reasonable necessity of the use of the easement by the dominant estate. *Evich v. Kovacevich*, 33 Wn.2d 151, 157, 204 P.2d 839 (1949). The test of necessity is whether the party claiming the right can, at reasonable cost, on his own estate, and without trespassing on his neighbors, create a substitute. *Adams v. Cullen*, 44 Wn.2d 502, 507, 268 P.2d 451 (1954). Although prior use is a circumstance contributing to the implication of an easement, if the land can be used without the easement only with disproportionate expense, an easement may be implied on the basis of necessity alone. [*Fossum Orchards*], 77 Wn. App. at 451 (1995). In reviewing whether an easement across a neighbor's property is needed, the harm to the aesthetics of the dominant estate may be considered. *Bushy v. Weldon*, 30 Wn.2d 266, 268, 191 P.2d 302 (1948). Necessity must exist at the date the common parcel is severed. [*Visser*], 139 Wn. App. at 159.

Melanie Bryant contends that she has no other reasonable access to her property than through the Lot 2 driveway. Nevertheless, she has frontage along a public street and may have other points of access. She provided no testimony of the cost to construct other access.

Melanie Bryant argues that the present case most closely aligns with *Bushy v. Weldon*. In *Bushy*, the trial court acted as fact finder to determine that the construction of a substitute driveway was unreasonable. Here, the trial court determined the substitute garage access was unreasonable during summary judgment.

In short, the use of an easement implied from prior use is a question of fact and depends on the parties' intent, the nature of the properties, and the manner in which the parties used the easement. [*Visser*], 139 Wn. App. at 161. The location of Melanie Bryant's front door and garage and building plans are strong indicators of an intent to permit the Lot 1 owner to use the Lot 2 driveway. Nevertheless, because we lack direct evidence of earlier use of the Lot 2 driveway by a Lot 1 resident, because Stephen Sandberg denies use of the garage for storing vehicles, and because of the absence of testimony of the cost of an alternative driveway, we conclude that disputed material issues of fact preclude summary judgment on Melanie Bryant's claim for an implied easement.

*Bryant v. Sandberg*, No. 33206-3-III, slip op. at 7-10 (Wash. Ct. App. July 19, 2016) (unpublished), http://www.courts.wa.gov/opinions/pdf/332063.unp.pdf.

On remand, Ms. Bryant abandoned any claim to an easement by necessity, contending that she could establish an implied easement. She presented evidence that Mr. Sandberg's 2002 building permit for the garage contemplated that it would be served by the driveway. She also presented evidence that the cost of building a driveway around the home and installing an overhead door to create a west entrance would exceed $50,000. Mr. Sandberg, who formerly worked in construction, contested her cost

estimates. He stressed the fact that he and his wife ceased using the garage to store vehicles in 2003.

Following a bench trial, the superior court ruled that Ms. Bryant had proved the elements of an implied easement by a preponderance of the evidence. Mr. Sandberg appeals.

## ANALYSIS

"When findings of fact and conclusions of law are entered following a bench trial, appellate review is limited to determining whether the findings are supported by substantial evidence and, if so, whether the findings support the trial court's conclusions of law and judgment." *Sunnyside Valley Irrig. Dist. v. Dickie*, 111 Wn. App. 209, 214, 43 P.3d 1277 (2002), *aff'd*, 149 Wn.2d 873, 73 P.3d 369 (2003) (citing *Holland v. Boeing Co.*, 90 Wn.2d 384, 390-91, 583 P.2d 621 (1978). Evidence is substantial if it is sufficient to persuade a fair-minded person that the declared premise is true. *Id.* (citing *Nguyen v. Dep't of Health, Med. Quality Assurance Comm'n*, 144 Wn.2d 516, 536, 29 P.3d 689 (2001), *cert. denied*, 535 U.S. 904, 122 S. Ct. 1203, 152 L. Ed. 2d 141 (2002)). As the challenging party, Mr. Sandberg bears the burden of showing that the trial court's findings are not supported by the record. *Id.*

Appearing pro se on appeal, as he did at trial, Mr. Sandberg complains that the trial court "resolved controverted facts." Br. of Appellant at 6. While it is improper for a trial court to resolve disputed facts in deciding summary judgment, the trial court's task

6

in a bench trial is to resolve disputes of fact. We defer to the trial court as the trier of fact on issues of credibility and the weight of conflicting evidence. *Burnside v. Simpson Paper Co.*, 123 Wn.2d 93, 108, 864 P.2d 937 (1994).

An appellant is required to include a separate assignment of error for each finding of fact the party contends was improperly made, with a reference to the finding by number. RAP 10.3(g). Unchallenged findings of fact are verities on appeal. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 808, 828 P.2d 549 (1992). Mr. Sandberg has not assigned error to any of the trial court's factual findings.[1]

Because the trial court's findings are verities, we need determine only whether they support the trial court's conclusions of law. *Erection Co. v. Dep't of Labor & Indus.*, 160 Wn. App. 194, 202, 248 P.3d 1085 (2011). It is clear from Mr. Sandberg's briefing that the conclusions of law he challenges are the trial court's conclusions that Ms. Bryant met her burden of proof regarding the second and third elements of an implied easement, those being reasonable necessity and apparent and continuous use, and of proving her entitlement to an easement.

The trial court's findings of fact relevant to the element of reasonable necessity are the following:

---

[1] Pro se litigants are held to the same standards as attorneys and are bound by the same rules of procedure and substantive law. *In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

16. [Ms. Bryant] could access the garage by vehicle by constructing a driveway from the south and west and installing a new garage door on the opposite side (west side) of the garage.

17. The cost of doing so would include removing an existing retaining wall and grading and leveling the pathway.

18. The cost to [Ms. Bryant] to install a garage door on the west side and to landscape the west side of the property to create a driveway to the garage would be excessive, overly burdensome and not a reasonable substitute to the use of an existing driveway to the east and to an existing garage door.

19. [Ms. Bryant's] use of the driveway would not burden or interfere with [Mr. Sandberg's] use of the driveway or with his access to Lot 2.

Clerk's Papers (CP) at 63.

The test for reasonable necessity is "whether the party claiming the right can, at reasonable costs, on his own estate, and without trespassing on his neighbors, create a substitute." *Bays v. Haven*, 55 Wn. App. 324, 329, 777 P.2d 562 (1989). The trial court's finding that the cost of constructing a driveway to access the garage from the west side "would be excessive, overly burdensome and not a reasonable substitute" is sufficient to support the court's conclusion.

The findings relevant to apparent and continuous use are:

7. Prior to the short plat, [Mr. Sandberg] constructed an addition to the single-family residence on the property (Lot 1) in 1999, and a garage in 2002.

8. The residence and garage on Lot 1 face east.

9. When [Mr. Sandberg] short platted the properties in 2003, a strip of land was used to connect the public road, Grace Lane, to Lot 2.

8

10.     The strip of land is an existing asphalt driveway, east of Lot 1, used for access from Grace Lane (to the South) to Lot 2.

11.     The strip of land on Lot 2 is approximately five to seven feet from the residence and garage door on Lot 1.

12.     When [Mr. Sandberg] constructed the residence and garage on Lot 1, the strip of land to the east on Lot 2 was the intended access point and was used for access by [Mr. Sandberg].

13.     After short platting the lots, [Mr. Sandberg] testified he no longer intended to use the strip of land to access the residence and garage, however [Mr. Sandberg] did not alter the existing front door and garage door facing east towards the strip of land on Lot 2.

14.     The nature of the properties as they currently exist and their relation to each other indicates the strip of land on Lot 2 is the natural access point to the residence and garage on Lot 1.

15.     It is not possible to access the garage by vehicle to the existing garage door without going over and across the strip of land on Lot 2.

CP at 62-63.

Mr. Sandberg complains that during the bench trial, the court occasionally questioned the significance of Mr. Sandberg's subjective intent in 2003 as compared to other factors identified by Washington case law. Washington precedent speaks of "apparent and continuous use[ ]" as an aid in determining "the *presumed* intention of the parties *as disclosed by the extent and character of the user, the nature of the property, and the relation of the separated parts to each other.*" *Adams*, 44 Wn.2d at 505-06 (emphasis added) (citing 3 HERBERT THORNDIKE TIFFANY, REAL PROPERTY (3d ed. 1939) § 780, at 253, 254). Longstanding Washington case law holds that the rule giving

rise to an easement by implication is not a hard and fast one, and that the presence or absence of either or both of the second and third elements is not necessarily conclusive. *Id.* at 506 (citing *Rogers*, 9 Wn.2d at 376).

At trial, Mr. Sandberg admitted that in constructing the east facing garage in 2002, he intended that it would be served by the very nearby driveway. He claims that his intent changed when he faced the task of fairly dividing the 2.12 acre property. He never constructed a driveway to the west side of the garage, however. And while he claims that he and his wife did not move vehicles in and out of the garage via the overhead door and the driveway after 2003, he admitted at trial that he did move stored items out of the garage via the overhead door and driveway after 2003—and storage was a principal use of the garage after 2003.

Evidence supports the trial court's findings that the garage was designed and constructed with the intent that it be served by the driveway, that the driveway was actually used to move vehicles in and out of the garage for a time, and that the nature and relationship of the garage and driveway to one another make the driveway the natural access point. Given these findings, the fact that the apparent and continuous use element is not controlling, and Washington case law holding that it is not even essential, the findings are sufficient to support the court's conclusions.

10

No. 35592-6-III
*Bryant v. Sandberg*

Affirmed. Mr. Sandberg requests an award of attorney fees and costs. He identifies no legal basis for an award of reasonable attorney fees and as the nonprevailing party, he is not entitled to an award of costs.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, A.C.J.

11