# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ANGEL GARCIA TITLA, individually, and LETICIA SARMIENTO FLORES, individually, and the marital community composed thereof, | No. 47462-0-II |
| Appellants, | |
| v. | |
| SFC HOMES LLC, a Washington corporation, | UNPUBLISHED OPINION |
| Respondent. | |

MELNICK, J. — Angel Garcia Titla and his wife, Leticia Sarmiento Flores, appeal the trial court's orders granting summary judgment to SFC Homes, LLC and denying their motion to reconsider. They argue genuine issues of material fact existed as to whether SFC Homes was the general contractor of the site where Garcia Titla's injury occurred and whether SFC Homes committed safety violations. They also argue the trial court abused its discretion in denying their motion to reconsider based on newly discovered evidence. We affirm.

### FACTS

I.    COMPLAINT

On March 11, 2014, Garcia Titla and Sarmiento Flores (Plaintiffs) filed a complaint for damages against SFC Homes alleging negligence for failing to provide a safe workplace that caused Garcia Titla to suffer damages. The complaint alleged that on or about May 20, 2011, SFC Homes was the "property owner and/or general contractor for construction of a residential dwelling. . . . As the owner in control and/or general contractor, [it] was responsible for all safety

and compliance with safety regulations on the job site." Clerk's Papers (CP) at 2. Garcia Titla alleged that he was employed by FRDS Construction, Inc., a subcontractor on the project, and that he was injured while working as a framer at the work site.

In its answer, SFC Homes denied all facts alleged in the complaint, except that it was licensed to do business in Pierce County and that it was the property owner of the work site. SFC Homes asserted seven affirmative defenses.

II.      MOTION FOR SUMMARY JUDGMENT

On January 8, 2015, SFC Homes filed a motion for summary judgment. In support of its motion, SFC Homes provided evidence that it was not the general contractor of the project where Garcia Titla's injury occurred and that it had not violated any Washington Administrative Code (WAC) provisions.[1]

The evidence in the summary judgment motion included the following testimony from Garcia Titla's deposition. On May 20, 2011, Garcia Titla worked on a residence being constructed on property owned by SFC Homes. FRDS employed him to frame houses.[2] Upon completion of the first story, Garcia Titla began installing plywood as the floor for the second story. To install the plywood, he stood between two joists, but one of the joists broke when he pushed himself off of it. He fell and suffered injuries.

Although FRDS supplied safety harnesses, Garcia Titla was not wearing one at the time of the accident. Because the joist he fell from exceeded eight feet, a harness was required if there was a place to tie it. Garcia Titla had no place to tie the rope for the harness, so he built secondary

---

[1] SFC also included a letter from the Department of Labor and Industries to FRDS that stated there were no health or safety violations in the workplace. However, this letter referenced a different work site.

[2] Garcia Titla worked with FRDS on two other houses prior to the accident.

2

fall protection out of two-by-fours, but they were out of reach when he fell. Garcia Titla admitted that he installed the joist that broke and caused his fall and injuries. Although FRDS held safety meetings for other projects, Garcia Titla did not attend a safety meeting for this specific project. He knew that safety harnesses were required when working above eight feet, and that if he could not tie up the harness, he was supposed to place two-by-fours at a height of four feet as secondary fall protection. Garcia Titla never spoke with anyone from SFC Homes.

In support of its summary judgment motion, Atsushi Iwasaki, the President of Sumitomo Forestry America, Inc., SFC Homes's parent company, submitted a declaration. He admitted that SFC Homes owned the property where the alleged accident occurred. Iwasaki stated that SFC Homes hired FRDS to perform framing on the work site because SFC Homes had no knowledge of framing, and it relied on FRDS's expertise. He also stated that SFC Homes "did not participate in construction work, control any of the work performed by any subcontractor on the subject project, or maintain the right to control any of the work performed by any subcontractor." CP at 106.

The documents in support of the motion also included Garcia Titla's answers to SFC Homes's first interrogatories and requests for production. In response to an interrogatory asking Garcia Titla to state every fact on which he relied for his claim that SFC Homes was the general contractor and that SFC Homes had responsibility for safety and safety regulations on the jobsite, Garcia Titla said he "will be requesting Safety meeting minutes, walk around Safety inspection notes, a Site specific safety plan, and a Safety manual from the General Contractor and will Supplement this Answer upon receipt." CP at 95. Another interrogatory asked Garcia Titla to state the facts upon which he claimed he was owed a duty and how SFC Homes breached that duty. He responded:

3

> The General Contractor owes the duty to provide a safe place to work to every worker on his job site, Plaintiff was a worker at this jobsite. Therefore, plaintiff was owed this duty. The general contractor breached this duty. Plaintiff suffered an injury. He fell through a piece of wood that broke under his feet. He was provided no fall protection.

CP at 96. A request for production by SFC Homes asked for copies of all documents that supported his answer. Garcia Titla responded that he attached a building permit that listed SFC Homes as the general contractor.[3] Garcia Titla did not conduct any discovery until after the discovery deadline passed.

Garcia Titla responded to the motion for summary judgment and claimed that the Pierce County Assessor-Treasurer electronic property information listed SFC Homes as the general contractor for the property.[4] Garcia Titla included a number of documents that showed SFC Homes's Unified Business Identifier (UBI) number, contractor's license and status, and the cover page of Sumitomo Forestry's website that listed SFC Homes as being in the construction business.

On February 6, 2015, the trial court heard arguments on SFC Homes's motion for summary judgment. SFC Homes argued that it was not the general contractor and it "did not retain the right to control any of the work for which [Garcia Titla] was hired."[5] CP at 240. SFC Homes told the trial court that it had a contract that it received from FRDS's owner that shows FRDS entered into

---

[3] This document is not included in the record.

[4] The document does not list SFC Homes as the general contractor. SFC Homes is listed as the grantor of the parcel.

[5] SFC Homes explained to the trial court that any documents about the named general contractor were not requested by the plaintiffs until after the discovery deadline, but no document linking SFC Homes as a general contractor for this project existed because it did not serve in this capacity.

a contract with Henley USA, LLC, not SFC Homes.[6] The trial court granted the motion for summary judgment in a written order on February 6, 2015.

### III. MOTION FOR RECONSIDERATION

On February 13, 2015, Garcia Titla and Sarmiento Flores filed a motion for reconsideration of the trial court's written order granting summary judgment. In addition to arguing that the trial court made legal errors, they argued that they obtained newly discovered evidence which, with reasonable diligence, could not have been discovered and produced when the court heard the motion for summary judgment. They claimed the newly discovered evidence consisted of a certified document from the City of Gig Harbor which showed SFC Homes was the contractor that applied for and received the building and plumbing permits at the site where Garcia Titla's injuries occurred. They also claimed that the evidence showed SFC Homes did not own the property.

Garcia Titla and Sarmiento Flores argued that under CR 59(a)(3), the trial court should grant the motion to reconsider because they were surprised by the existence of a contract for the site between Henley USA and FRDS and that surprise materially affected their rights. In support of the motion, they included the deposition testimony of their expert, Mike Sotelo, about the level of control SFC Homes had over the work site and the potential safety violations at the site.[7] Sotelo opined that SFC Homes had a duty to Garcia Titla because even if it was the owner and not the general contractor, it controlled the site. He further opined that it seemed as though SFC Homes

---

[6] SFC Homes did not submit the contract to the trial court before the motion. The trial court asked for the contract after the plaintiffs filed the motion to reconsider. Henley USA, LLC is another company owned by Sumitomo Forestry America, SFC Homes's parent company.

[7] Sotelo's deposition occurred after the motion for summary judgment was filed and after the plaintiffs filed their response, but four days prior to the hearing on the motion for summary judgment and prior to the motion for reconsideration. CP at 205.

committed violations because it did not have a written safety plan, and he believed SFC Homes breached its duty to Garcia Titla because it failed to provide oversight.

SFC Homes opposed the motion to reconsider, arguing that the records, dating back to 2011, did not constitute "newly discovered evidence" because they were clearly obtainable at the time of summary judgment. CP at 268. SFC Homes also argued that the plaintiffs could have discovered the contract with reasonable diligence, but they did not engage in discovery other than submitting untimely discovery less than one week before the discovery cutoff.

The trial court heard arguments on the motion to reconsider. The trial court questioned whether it could consider the new documents offered by the plaintiffs. The trial court noted that it did not understand why they did not have access to their own expert's testimony to refute the evidence in the summary judgment motion. In addition, the trial court pointed out that the plaintiffs failed to present any evidence showing a safety violation. The trial court denied the motion to reconsider in a written order. Garcia Titla and Sarmiento Flores appeal.

ANALYSIS

I.    MOTION FOR SUMMARY JUDGMENT

Garcia Titla and Sarmiento Flores argue that the trial court erred in granting SFC Homes's motion for summary judgment because genuine issues of material fact existed as to whether or not SFC Homes was the general contractor. We disagree.

A.    Standard of Review

We review summary judgment orders de novo, engaging in the same inquiry as the trial court. *Jones v. Allstate Ins. Co.*, 146 Wn.2d 291, 300, 45 P.3d 1068 (2002). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

6

moving party is entitled to a judgment as a matter of law." CR 56(c). We view the evidence and draw reasonable inferences in a light most favorable to the nonmoving party. *Schaaf v. Highfield*, 127 Wn.2d 17, 21, 896 P.2d 665 (1995).

A party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact. *Atherton Condo. Apartment–Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990). "A material fact is one upon which the outcome of the litigation depends in whole or in part." *Atherton*, 115 Wn.2d at 516. If the moving party satisfies its burden, the nonmoving party must present evidence demonstrating that a material fact remains in dispute. *Atherton*, 115 Wn.2d at 516.

The response, by affidavits or as otherwise provided under CR 56, must set forth specific facts that reveal a genuine issue for trial. *Grimwood v. Univ. of Puget Sound*, Inc., 110 Wn.2d 355, 359, 753 P.2d 517 (1988). "[C]onclusory statements of fact will not suffice." *Grimwood*, 110 Wn.2d at 360. If the nonmoving party fails to do so, and reasonable persons could reach but one conclusion from all the evidence, then summary judgment is proper. *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 26, 109 P.3d 805 (2005). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

B.      The Trial Court Properly Granted Summary Judgment

To establish a claim of negligence, a plaintiff must prove four elements: duty, breach of duty, causation, and injury. *Kennedy v. Sea–Land Serv., Inc.*, 62 Wn. App. 839, 856, 816 P.2d 75 (1991). "Existence of a duty is a question of law." *Hertog v. City of Seattle*, 138 Wn.2d 265, 275, 979 P.2d 400 (1999). Breach and proximate cause are generally fact questions, but "if reasonable

7

minds could not differ, these factual questions may be determined as a matter of law." *Hertog*, 138 Wn.2d at 275.

A general contractor is someone "whose business operations require the use of more than one building trade or craft upon a single job or project or under a single building permit." RCW 18.27.010(5). Prior to the adoption of Washington Industrial Safety and Health Act of 1973 (WISHA), the Washington Supreme Court held that RCW 49.16.030 (WISHA's predecessor) "created a nondelegable duty on general contractors to provide a safe place to work for employees of subcontractors." *Stute v. P.B.M.C., Inc.*, 114 Wn.2d 454, 463, 788 P.2d 545 (1990). A general contractor has a duty to comply with WISHA regulations for the protection of all employees on the jobsite. *Stute*, 114 Wn.2d at 463. The court reasoned that the "general contractor should bear the primary responsibility for compliance with safety regulations because the general contractor's innate supervisory authority constitutes sufficient control over the workplace." *Stute*, 114 Wn.2d at 464.

Garcia Titla and Sarmiento Flores failed to present evidence that SFC Homes was the general contractor of the site where the injury occurred. SFC Homes did have a contractor's license, but Garcia Titla and Sarmiento Flores did not present evidence that SFC Homes acted as the general contractor at this specific site. Therefore, the plaintiffs failed to present any evidence to create a genuine dispute of material fact that SFC Homes was the general contractor.

We also disagree with the plaintiffs that SFC Homes had liability as the owner of the property. Jobsite owners have a duty to provide a safe workplace only if the owner/developer has the same innate overall supervisory authority as the general contractor and is in the best position to enforce compliance with safety regulations. *Doss v. ITT Rayonier, Inc.*, 60 Wn. App. 125, 127 n.2, 803 P.2d 4 (1991). Jobsite owners are not per se liable for negligence at a work site. *Kamla*

*v. Space Needle Corp.*, 147 Wn.2d 114, 123, 52 P.3d 472 (2002).  So unless there is some control over the work exercised by the jobsite owner/developer, no duty to provide a safe workplace exists.

"The test of control is not the actual interference with the work of the subcontractor, but the right to exercise such control."  *Kelley v. Howard S. Wright Const. Co.*, 90 Wn.2d 323, 330-331, 582 P.2d 500 (1978).  In *Kelley*, general supervisory functions over the work were sufficient to establish control over the work conditions of the subcontractor's employee.  90 Wn.2d at 331. "'It is not enough that [the jobsite owner] has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations.'"  *Kamla*, 147 Wn.2d at 121 (quoting RESTATEMENT (SECOND) OF TORTS § 414 cmt. c (1965)).  "'There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.'"  *Kamla*, 147 Wn.2d at 121 (quoting RESTATEMENT (SECOND) OF TORTS § 414 cmt. c.  If a jobsite owner does not retain control over the manner in which an independent contractor completes its work, the jobsite owner does not have a duty under WISHA to "comply with the rules, regulations, and orders promulgated under [chapter 49.17 RCW]."  RCW 49.17.060(2).  The *Kamla* court also reasoned:

> Because jobsite owners may not have knowledge about the manner in which a job should be performed or about WISHA compliant work conditions, it is unrealistic to conclude all jobsite owners necessarily control work conditions.  Instead, some jobsite owners may reasonably rely on the contractors they hire to ensure WISHA compliance because those jobsite owners cannot practically instruct contractors on how to complete the work safely and properly.

147 Wn.2d at 124-25.

SFC Homes did not retain control over the work so that a duty of care would arise.  Per Iwasaki's declaration, FRDS provided control over the framing because SFC Homes had no experience in this area.  SFC Homes relied on FRDS's expertise.  Garcia Titla did not raise any

9

material issue of fact as to this matter. In addition, Garcia Titla never interacted with anyone from SFC Homes.

Garcia Titla and Sarmiento Flores also fail to create a genuine issue of material fact regarding breach of any duty SFC Homes may have had. If a jobsite owner does not retain control over the manner in which an independent contractor completes its work, the jobsite owner does not have a duty under WISHA to "comply with the rules, regulations, and orders promulgated under [chapter 49.17 RCW]." RCW 49.17.060(2). Yet, if the owner does retain that control, he/she must comply with WISHA. *See Kamla*, 147 Wn.2d at 122.

Garcia Titla and Sarmiento Flores presented no evidence that would have created a duty on SFC Homes as the jobsite owner to comply with WISHA, nor did they present evidence of any WISHA or DOSH violations to the trial court. They argued that they only needed to allege there were WISHA violations, and that they would later prove them to the jury.[8] This argument is inaccurate. Legal conclusions that the defendant was negligent are inadmissible, but expert opinions that help establish the elements of negligence are admissible. *Davis v. Baugh Indus. Contractors, Inc.*, 159 Wn.2d 413, 420-21, 150 P.3d 545 (2007). The plaintiffs only offered an expert opinion in their motion to reconsider. As we explain later in this opinion, the trial court properly refused to consider this testimony. The plaintiffs failed to present competent evidence that SFC breached a duty or that there were safety violations. They identified specific regulations that they alleged were violated, but did not provide any support for their allegations.[9] Without

---

[8] The trial court noted that this was actually to be a bench trial.

[9] Plaintiffs' counsel told the trial court they would allege six violations and included WAC 296-155-100 and WAC 296-155-110, but did not specify the other four.

such evidence at summary judgment, they failed to show that a material fact on this issue was in dispute.

Because Garcia Titla and Sarmiento Flores failed to establish that a genuine issue of material fact existed and they could not prove a prima facie case of negligence, the trial court properly granted summary judgment.

## II.    MOTION TO RECONSIDER

Garcia Titla and Sarmiento Flores argue that the trial court should have granted their motion to reconsider pursuant to CR 59(a)(4) because they presented new evidence that they could not, with reasonable diligence have discovered prior to the summary judgment motion showing that SFC Homes was the general contractor.[10]  We disagree.

### A.    Standard of Review

"'We review a trial court's denial of a motion for reconsideration for abuse of discretion.'" *Davies v. Holy Family Hosp.*, 144 Wn. App. 483, 497, 183 P.3d 283 (2008) (quoting *Kleyer v. Harborview Med. Ctr.*, 76 Wn. App. 542, 545, 887 P.2d 468 (1995)).  "A trial court abuses its discretion only if its decision is manifestly unreasonable or rests upon untenable grounds or reasons." *Davies*, 144 Wn. App. at 497.  "An abuse of discretion exists only if no reasonable person would have taken the view adopted by the trial court." *Holaday v. Merceri*, 49 Wn. App. 321, 324, 742 P.2d 127 (1987).

---

[10] They list CR 59(a)(3), (7), and (9) in their brief but do not argue them.  Their brief argues only that the motion should have been granted under CR 59(a)(4) based on the new evidence they produced for the motion.  Therefore, we only address this argument.

B.    The Trial Court Did Not Abuse Its Discretion

A party is entitled to reconsideration of rulings where there is "[n]ewly discovered evidence, material for the party making the application, which the party could not with reasonable diligence have discovered and produced at the trial." CR 59(a)(4). Courts have recognized that "a summary judgment hearing afford[s] the parties ample opportunity to present evidence. If the evidence was available but not offered until after that opportunity passes, the parties are not entitled to another opportunity to submit that evidence." *Wagner Dev. v. Fid. & Deposit Co. of Maryland*, 95 Wn. App. 896, 907, 977 P.2d 639 (1999). This evidence cannot be considered to be newly discovered evidence which a party could not with reasonable diligence have discovered and produced at the trial. CR 59(a)(4).

The documents the plaintiffs relied on were public records from 2011. They were available at the time of the summary judgment motion. The plaintiffs did not exercise due diligence in obtaining this evidence and the trial court did not abuse its discretion in denying the motion to reconsider.

We agree with the trial court's determination that even if the court considered the new evidence, it still would not have created a genuine dispute as to a material fact. The newly found evidence did not counter the evidence provided by SFC Homes that it did not control the jobsite in a way that gave rise to a duty. If anything, the contract that "surprised" the plaintiffs supported SFC Homes's contention that it was not the general contractor at this site. In addition, Sotelo's deposition testimony was general because he did not review all of the evidence before testifying about his expert opinion. The plaintiffs would still have failed to create a genuine dispute of material fact.

12

We hold that the trial court did not abuse its discretion because it had reasonable grounds to uphold the original summary judgment order and deny the motion to reconsider. We affirm the trial court's final judgment denying the motion for reconsideration.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, P.J.

Lee, J.